IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ____ D.C.

05 APR 28 PM 1: 35

ROBERT R. DI TROLIO
CLE   , U.S. DIST. CT.
W.    F TN, MEMPHIS

HARMON FRANKLIN,

      Plaintiff,

v.                                            No. 02-1042 B

UNITED TRANSPORTATION, INC. and
TIMOTHY H. HOLT,

      Defendants.

---

## ORDER OF DISMISSAL WITH PREJUDICE

---

On April 8, 2005, this Court entered an order directing the Plaintiff, Harmon Franklin, to show cause why this matter should not be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute. In its April 8 order, the Court noted as follows:

> On January 14, 2004, the Court entered a default against the Defendants, United Transportation, Inc. and Timothy H. Holt based upon these Defendants' failure to notify the Court of new counsel and for failure to appear at a status hearing scheduled by the Court on January 9, 2004. However, since that time, the Plaintiff, Harmon Franklin, who is proceeding pro se, has taken no further action to conclude this matter, such as seeking an entry of a default judgment against the Defendants.

(Order to Show Cause at 1.) The Court instructed Franklin to respond to the show cause order within 11 days of the entry thereof, admonishing him that "[a]bsent a response from the Plaintiff, the Court will dismiss his complaint without further notice." (Order to Show Cause at 1.) According to the Court's docket, no filings have been made by the Plaintiff since entry of the show cause order.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-3-05



a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted).  The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

2

In this case, as outlined above, the Plaintiff has failed to respond to the Court's show cause order and has generally failed to make any effort to move this case forward. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on the Defendants. In addition, the Plaintiff has been advised in no uncertain terms that failure to respond to the Court's directives will result in dismissal of his claims. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 28 day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 77 in case 1:02-CV-01042 was distributed by fax, mail, or direct printing on May 3, 2005 to the parties listed.

---

Harmon Franklin
916 Bear Creek Road
Pinson, TN 38366

United Transportatio
UNITED TRANSPORTATION, INC.
5114 Mercer Rd.
P.O. Box 926
Brownsville, TN 38012

Honorable J. Breen
US DISTRICT COURT